(51 Misc. Rep. 239.)

McKEOUGH v. HINSDALE et al.

(Supreme Court, Special Term, Oneida County. June, 1906.)

CONTRACTS—ACTION ON—COMPLAINT—PLEADING.

Plaintiff alleged in his complaint that he, under an agreement with one of the defendants, aided in procuring a contract for the erection of a monument for which he was to be paid by the executors of the decedent out of the first money paid for the monument; that the contract was assigned to the other defendant, a corporation, which had received payment therefor on partial completion of the work, but there was no allegation of any notice to defendant corporation, or fraud imposing any liability upon it. *Held*, not to state a cause of action against the defendant corporation, and there being no allegation that the other defendant with whom the contract was made had received any money belonging to the plaintiff, a demurrer to the complaint was properly sustained.

Action by George T. McKeough against Nehemiah C. Hinsdale and another. Demurrers to complaint sustained.

Charles S. Kent, for plaintiff.

James B. Emerick, for defendants.

DEVENDORF, J. The defendants have interposed demurrers by separate counsel to the complaint herein. The action is brought to recover money. It is alleged that, on or about the 15th of March, 1905, the defendant Hinsdale entered into an agreement with the plaintiff whereby, at the special instance and request of said Hinsdale, the plaintiff should introduce him to and make him acquainted with the executors of the estate of John Dunfee, deceased, and assist him in effecting a sale of a monument to said executors, and that Hinsdale would cause 5 per cent. of the selling price of said monument to be paid direct from said executors to the plaintiff for his services and assistance in effecting such sale, to be paid by said executors to the plaintiff as part of and out of the first installment of money paid upon said monument, and that thereafter Hinsdale came to plaintiff's office, at Syracuse, and requested him to carry out the said agreement of March 15th and introduce him to such executors. That thereupon the plaintiff, in pursuance of said agreement, and relying upon the promise of Hinsdale, conducted him to the office of the estate of said Dunfee and introduced him to the executrix of said estate, and that thereupon he, through the efforts of plaintiff, entered into a written contract with the executors to furnish and erect a monument for the agreed price of $8,700, and that, thereupon, the plaintiff became the owner of, and entitled to 5 per cent. of said $8,700 from the hands of said executors as the same should be paid according to the terms of said contract and to be paid by said executors to the plaintiff as part of and out of the first money paid upon said monument.

The complaint further alleges that thereafter Hinsdale assigned his contract, so made with said executors, to the defendant Leland & Hall Company, a corporation duly incorporated within the state of New York, which thereupon entered upon the erection of the monument aforesaid, and that such company has, in a large degree, completed the erection of said monument and has received installments of the purchase price, amounting to $1,500, the ownership of $435 of which, under the agreement of said Hinsdale, was, when said contract was made, and when it was assigned and when said installments were paid in, and still is, in the plaintiff; that by reason of the facts above stated the defendants became and still are indebted to the plaintiff in the sum of $435.

I think the above statement of facts contains all the material allegations of the complaint, substantially in the language thereof. I do not think that such allegations contain facts sufficient to constitute a cause of action. I am aware of the rule that, however, inartificial a pleading may be, it is the duty of the court, if possible, to sustain it upon demurrer; but this pleading lacks the essential averments of a cause of action against the defendants. In the first place, as to the defendant corporation, there is absolutely no allegation of fact whatever which creates a liability to respond to the plaintiff in money or damages. The defendant corporation simply appears in the case as an assignee of the Hinsdale contract with the Dunfee estate; no allegations of notice or fraud or bad faith are contained therein, and clearly the pleading is devoid of allegations of fact which bring the Leland & Hall Com-

pany within a position of liability. As to the defendant Hinsdale, it is not alleged that he has received any money belonging to the plaintiff; neither does it appear that there has been a breach of contract on his part, and assuming, as we must, all the facts alleged to be true, in my opinion there is not sufficient to render him liable to the plaintiff for any amount whatever.

The demurrers are therefore sustained, with costs, with leave to plaintiff to amend his complaint within 20 days on payment of such costs.

Demurrers sustained, with costs, with leave to plaintiff to amend complaint within 20 days on payment of costs.